UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DONALD G. JONES | CIVIL ACTION |
| VERSUS | NO. 09-3666 |
| LESIA JOHNSON, ET AL. | SECTION "F" (3) |

ORDER AND REASONS

Before the Court is the Motion for Granting Judicial Funds to Pay for Pro Se Depositions to Comply with Pre Trial Orders of Disclosures and Depositions All in Accords with FRCP 26, and FRCP 45 [Doc. #40] filed by pro se plaintiff Donald G. Jones ("Jones"). Jones sues defendants Lesia Johnson, Joseph Ballard and TRG Construction, Inc. (collectively, "defendants") for breach of contract, open account, negotiating a contract in bad faith, libel and defamation of character. Jones alleges, *inter alia*, that defendants failed to pay him for services rendered to restore a home that Hurricane Katrina destroyed.

Jones filed this motion on September 9, 2010. Specifically, Jones asks the Court to (1) appoint counsel to represent Jones during his deposition and during any time at which he is required to give sworn testimony (presumably, at trial); (2) appoint an expert witness to establish the structural integrity of the home before, during and after Hurricanes Katrina and Rita; (3) appoint a court reporter to transcribe the depositions of witnesses that Jones intends to take; (4) provide Jones with a room in this courthouse in which he may depose the individuals; and (5) issue subpoenas for both the depositions and the production of documents under Federal Rule of Civil Procedure 45.

Defendants ask the Court to deny the motion on the ground that the discovery deadline has passed. However, this argument now fails, given that the District Court has granted Jones's motion to continue the trial schedule and has scheduled a conference to re-set all deadlines. [Doc. #52]. Notwithstanding this finding, however, the Court, having considered the complaint, the motion, the memoranda and the law, denies the motion for the following reasons.

Here, the Court derives its power to "appoint counsel" from 28 U.S.C. § 1915(e)(1), which provides that "[t]he court may request any attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Jones does not have either a constitutional right or an automatic right to appointed counsel in a civil case. *See Caston v. Sears, Roebuck & Co.,* 556 F.2d 1305, 1309 (5th Cir. 1977). Unlike a criminal defendant, an indigent civil litigant, even if currently incarcerated, does not have a right to appointed counsel absent "exceptional circumstances." *See Norton v. E.U. Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997)*; Akasike v. Fitzpatrick,* 26 F.3d 510, 512 (5th Cir. 1994); *Vitug v. Merit Sys. Protection Bd.*, Civ. A. No. 01-3297, 2002 WL 1216023 (E. D. La. June 4, 2002) (Shushan, M. J.); *Sly v. Stalder*, 2002 WL 31371958 (E. D. La.) (Oct. 17, 2002) (Wilkinson, M. J. ). Indeed, the federal court has considerable discretion in determining whether to make such an appointment in a civil case. *See Salmon v. Corpus Christi Indep. School Dist.*, 911 F.2d 1165, 1166 (5th Cir. 1990). The Court has discretion to appoint counsel in such a case if doing so would advance the proper administration of justice. *See Ulmer v. Chancellor*, 691 F.2d 209, 212-13 (5th Cir. 1982); *Salmon*, 911 F.2d at 1166. The plaintiff ultimately bears the burden of persuasion as to the necessity of such an appointment. *See Caston,* 556 F.2d at 1310.

In making this determination, the undersigned has considered all of the following factors:

(a) the type and complexity of the case; (b) whether the indigent is capable of presenting his case adequately; (c) whether he is in a position to investigate his case adequately; and (d) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination.  *Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir.1992); *Ulmer*, 691 F.2d at 213.  The court has also considered whether appointment of counsel would be of service to the court and defendants by sharpening the issues in the case.  *Id.*

The evidence that the Court must consider includes the plaintiff's indigence and efforts made by the plaintiff to secure counsel; however, these are bare minimum *threshold* considerations.  Here, Jones is indigent, and this Court granted him leave to proceed *in forma pauperis*.  There is no evidence in the record to demonstrate whether Jones has attempted to secure counsel.

The issues in this case are not complex.  This dispute is factual and is not complicated.  Further, it does not appear that any great skill will be needed to cross examine the witnesses on the issues in this case.  Pro se plaintiffs are given great flexibility in the examination of a witness.  Lastly, Jones has adequately presented his case thus far and does not appear to come within the "exceptional circumstances" test.  Indeed, Jones, albeit unsuccessfully, even moved for summary judgment in the District Court.

The Court recognizes that every litigant benefits by having an attorney. However, the burden is on the plaintiff to demonstrate that, unique from other *pro se* litigants, he will have particular difficulty in investigating and presenting his case such that his situation justifies the special benefit of having counsel appointed to represent him.  Jones was capable of filing his complaint, the *in forma pauperis* application and the motions filed before this Court and the District Court.  Plaintiff

has thus failed to make the requisite showing that he is entitled to appointed counsel in this suit.

For the reasons set forth above, the Court finds that this is not the type of *extraordinary* case in which appointment of counsel will necessarily assist either the parties or the Court with the presentation of the issues. Rather, on balance, the factors set forth above weigh against appointing counsel here.

Jones also requests the appointment of an expert witness to establish the structural integrity of the home before, during and after Hurricanes Katrina and Rita. Federal Rule of Evidence 706, which governs court-appointed experts, contemplates the appointment of an expert to aid the court, not to assist a plaintiff. Further, the plain language of the *in forma pauperis* statute does not provide for the appointment of expert witnesses to aid an indigent litigant. *See* 29 U.S.C. § 1915; *Hannah v. United States*, 523 F.3d 597 (5th Cir. 2008); *Johnson v. Cain*, Civ. A. No. 09-454, 2009 WL 3857440, at *2 (W.D. La. Nov. 18, 2009).

Jones also asks the Court to issue both subpoenas for depositions and subpoenas for the production of documents. The Court has the discretionary authority to deny the issuance of subpoenas when necessary to prevent abuse of process or when the testimony sought would be irrelevant, cumulative or unnecessary. *See Cupit v. Jones*, 835 F.2d 82, 86-87 (5th Cir. 1987); *Harvey v. Andrist*, 754 F.2d 569, 572 (5th Cir. 1985); *see also Cookish v. Cunningham,* 787 F.2d 1, 5 (1st Cir. 1986); *Mosby v. Mabry*, 697 F.2d 213, 214 (8th Cir. 1983); *Comer v. School Dist. of Philadelphia,* Civ. A. No. 84-3206, 1988 WL 79810, at *1 (E. D. Pa. July 29, 1988).

The Federal Rules of Civil Procedure require that the $40.00 witness fee and the reasonably estimated mileage expense allowed by law be simultaneously tendered at the time a subpoena is

served.  *See* 28 U.S.C. § 1821; Fed. R. Civ. P. 45(b)(1); *In re Dennis v. Dennis*, 330 F.3d 696, 704-05 (5th Cir. 2003); *Walton v. Yates,* Civ. A. No. 3:94-CV-2007, 1996 WL 734953, at *1 (N. D. Tex. Dec. 10, 1996).  In *Pedraza v. Jones*, the Fifth Circuit noted that courts "have consistently held that federal courts are not authorized to waive or pay witness fees on behalf of an IFP [*in forma pauperis*] litigant."  71 F.3d 194, 196 n.4 (5th Cir. 1995) (*citing Hodge v. Prince,* 730 F. Supp. 747, 750-51 (N. D. Tex. 1990)).  In accordance with this law, this Court will not waive or pay the witness fees on behalf of Jones.

Jones has not tendered the required fees and expenses, and his pauper application indicates that he is unable to do so.  Therefore, issuance of the subpoenas to the potential witnesses would be a futile act and should be denied as a matter of discretion.  *See Lloyd v. McKendree*, 749 F.2d 705, 707 (11th Cir. 1985).  Additionally, Jones has made no showing that the testimony of any of the potential deponents is relevant to any issue in this case.  Indeed, Jones does not even name the potential deponents.

Accordingly and for all of the foregoing reasons,

**IT IS ORDERED** that the Motion for Granting Judicial Funds to Pay for Pro Se Depositions to Comply with Pre Trial Orders of Disclosures and Depositions All in Accords with FRCP 26, and FRCP 45 [Doc. #40] is DENIED WITHOUT PREJUDICE.[1]

**IT IS FURTHER ORDERED** that, no earlier than fourteen (14) days from the date of this Order, Jones may re-urge the motion correcting the noted deficiencies;  however,

---

[1]  The Court notes that Jones has provided no authority to support the appointment of a court reporter at the depositions.  After a thorough search of the law, this Court has found no authority that would support such a request.

5

(1) any such motion must include a brief summary of the relevant testimony that each deponent is expected to provide;

(2) Jones must provide both the full and correct name and service address of each potential deponent;

(3) Jones must provide proof that he has the necessary funds to pay the $40 deponent fee and the reasonably estimated mileage expense allowed by law for each such deponent; and

(4) Jones must describe in detail the efforts that he has undergone in an attempt to retain counsel.

New Orleans, Louisiana, this 27th day of September, 2010.

*Daniel E. Knowles, III*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**